IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| PATRICIA BRANTLEY, GRACE STRANEY, and GRACE KINARD, | * |
| | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | * Case Number: 2:21-cv-12 |
| | * |
| CITY OF JESUP, GEORGIA, WILLIAM MICHAEL "MIKE" LANE, individually, and MIKE DEAL, individually, | * |
| | * |
| | * |
| | * |
| Defendants. | * |

**ANSWER AND DEFENSES OF DEFENDANT CITY OF JESUP
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW the City of Jesup, Georgia and answers and raises defenses to Plaintiffs' First Amended Complaint as follows:

**FIRST DEFENSE**

The allegations of Plaintiffs' First Amended Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims may be barred by sovereign immunity.

**THIRD DEFENSE**

Some or all of Plaintiffs' claims may be barred because this Defendant is not subject to *respondeat superior* liability.

## FOURTH DEFENSE

This Defendant does not have any unconstitutional policy, practice, or custom which led to any constitutional violation with regard to Plaintiff.

## FIFTH DEFENSE

This Defendant at all times exercise reasonable care to prevent and promptly correct any harassing behavior by its employees.

## SIXTH DEFENSE

Plaintiffs' claims are barred against this Defendant to the extent that Plaintiffs failed to take advantage of preventive or corrective measures made available to them to address any harassing behavior.

## SEVENTH DEFENSE

Plaintiffs were not discriminated against by this Defendant as a matter of law.

## EIGHTH DEFENSE

To the extent that Plaintiffs failed to comply with any of the administrative requirements of pursuing claims of the types set forth herein, Plaintiffs' claims are barred.

## NINTH DEFENSE

Plaintiffs' claims for injunctive and declaratory relief against this Defendant fail as a matter of law.

**TENTH DEFENSE**

Some or all of Plaintiffs' claims may be barred as untimely by the applicable statute of limitations.

**ELEVENTH DEFENSE**

To the extent any Plaintiff failed to file a timely administrative charge with the EEOC regarding any of the claims she makes in this action pursuant to Title VII, or otherwise failed to file this action within the time period required by law, those claims are barred.

**TWELFTH DEFENSE**

To the extent any Plaintiff is entitled to a recovery, which is specifically denied, Plaintiffs' claims pursuant to Title VII are capped as provided by law.

**THIRTEENTH DEFENSE**

Defendant City responds to the individually numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

**Introduction**

1.      The first sentence of Paragraph 1 of Plaintiffs' First Amended Complaint appears to be a general description of the nature of this action, requiring no further response by Defendant at this time.  To the extent that sentence contains any factual allegation requiring a response, that allegation is denied. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1

pertaining to Defendants Lane and Deal, and those allegations are consequently denied as a matter of law. All remaining allegations in paragraph 1 are denied.

2.    Paragraph 2 of Plaintiffs' First Amended Complaint appears to be a general description of the nature of this action, requiring no further response by Defendant at this time. However, to the extent a response is required, this Defendant denies that it is liable to any Plaintiff in any respect.

### Exhaustion of Administrative Remedies

3.    In response to paragraph 3, Defendant City admits that Plaintiffs Brantley and Straney filed charges of discrimination with the EEOC and have received notices of their right to sue. The remaining allegations of paragraph 3 are denied.

### Jurisdiction and Venue

4.    The allegations of paragraph 4 are admitted.

5.    The allegations of paragraph 5 are admitted.

6.    Defendant City admits generally that venue is proper. Defendant denies that the "events and omissions" set forth in Plaintiffs' First Amended Complaint occurred as alleged, and denies the remaining allegations of paragraph 6.

### Parties

7.    Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 7, as the period described by "all relevant times" has not been identified by Plaintiffs. The allegations of paragraph 7 are consequently denied, as worded.

8.     The allegations of paragraph 8 are admitted.

9.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 9, as the period described by "at all times relevant to this action" has not been identified by Plaintiffs. The allegations of paragraph 9 are consequently denied, as worded.

10.    The allegations of paragraph 10 are denied. With respect to the first sentence of paragraph 10, the City of Jesup on February 8, 2021, began the process necessary to terminate the employment of Mike Lane as the City's Chief of Police. The City concluded said process on February 12, 2021, and on March 17, 2021, the Grievance Committee upheld Lane's termination following an evidentiary hearing.

11.    Paragraph 11 contains a conclusion of law, to which no response is required at this time. To the extent paragraph 11 contains any allegation of fact requiring a response, that allegation is denied.

12.    The allegations of paragraph 12 are admitted.

13.    Paragraph 13 contains a conclusion of law, to which no response is required at this time. To the extent paragraph 13 contains any allegation of fact requiring a response, that allegation is denied.

14.    Paragraph 14 contains a conclusion of law, to which no response is required at this time. To the extent paragraph 14 contains any allegation of fact requiring a response, that allegation is denied.

15.     Paragraph 15 contains a conclusion of law, to which no response is required at this time. To the extent paragraph 15 contains any allegation of fact requiring a response, that allegation is denied.

## Factual Background

### *Police Chief William Michael Lane*

16.     The allegations of paragraph 16 are admitted, except that Lane's initial position with the City was that of a Public Safety Officer.

17.     The allegations of paragraph 17 are admitted.

18.     The allegations of paragraph 18 are admitted.

19.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 19, and those allegations are consequently denied as a matter of law.

### *Plaintiff Patricia Brantley*

20.     The allegations of paragraph 20 are admitted.

21.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 21, and those allegations are consequently denied as a matter of law.

22.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 22, and those allegations are consequently denied as a matter of law.

23. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 23, and those allegations are consequently denied as a matter of law.

24. Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that Brantley may have reported to Sergeants Boyles and Brown that Lane had made some strange comments to her. However, the City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Brantley's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

25. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 25, and those allegations are consequently denied as a matter of law.

26. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 26, and those allegations are consequently denied as a matter of law.

27. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 27, and those allegations are consequently denied as a matter of law.

28.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 28, and those allegations are consequently denied as a matter of law.

29.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 29, and those allegations are consequently denied as a matter of law.

30.     Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that Lane may have bragged to Brantley about his proficiency at performing oral sex. However, the City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Brantley's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

31.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 31, and those allegations are consequently denied as a matter of law.

32.     Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that

Brantley may have accompanied Lane on, or drove Lane to perform, personal errands for a period of time. However, the City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Brantley's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

33. Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that Brantley may have driven Lane to the Country Club on one occasion. However, the City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Brantley's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

34. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 34, and those allegations are consequently denied as a matter of law.

35. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 35, and those allegations are consequently denied as a matter of law.

36.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 36, and those allegations are consequently denied as a matter of law.

37.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 37, and those allegations are consequently denied as a matter of law.

38.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 38, and those allegations are consequently denied as a matter of law.

39.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 39, and those allegations are consequently denied as a matter of law.

40.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 40, and those allegations are consequently denied as a matter of law.

41.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 41, and those allegations are consequently denied as a matter of law.

42.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 42, and those allegations are consequently denied as a matter of law.

43. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 43, and those allegations are consequently denied as a matter of law.

44. The allegations of paragraph 44 are admitted.

45. Defendant City admits only that Brantley resigned. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 45, and those allegations are consequently denied as a matter of law.

46. Defendant City admits that Brantley filed a complaint with the Wayne County Sheriff's Office after her employment with the City had concluded. The remaining allegations of this paragraph are denied.

### *Plaintiff Grace Kinard*

47. The allegations of paragraph 47 are admitted.

48. The allegations of paragraph 48 are denied. Kinard reported to a sergeant, who reported to a captain, who in turn reported to Defendant Lane.

49. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 49, and those allegations are consequently denied as a matter of law.

50. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 50, and those allegations are consequently denied as a matter of law.

51.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 51, and those allegations are consequently denied as a matter of law.

52.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 52, and those allegations are consequently denied as a matter of law.

53.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 53, and those allegations are consequently denied as a matter of law.

54.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 54, and those allegations are consequently denied as a matter of law.

55.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 55, and those allegations are consequently denied as a matter of law.

56.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 56, and those allegations are consequently denied as a matter of law.

57.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 57, and those allegations are consequently denied as a matter of law.

58.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 58, and those allegations are consequently denied as a matter of law.

59.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 59, and those allegations are consequently denied as a matter of law.

60.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 60, and those allegations are consequently denied as a matter of law.

61.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 61, and those allegations are consequently denied as a matter of law.

62.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 62, and those allegations are consequently denied as a matter of law.

63.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 63, and those allegations are consequently denied as a matter of law.

64.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 64, and those allegations are consequently denied as a matter of law.

65. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 65, and those allegations are consequently denied as a matter of law.

66. The allegations of paragraph 66 are admitted. Defendant City notes that Kinard re-applied for employment in the same position in February 2020.

67. Defendant City admits only that Kinard resigned. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 67, and those allegations are consequently denied as a matter of law.

### Plaintiff Grace Straney

68. The allegations of paragraph 68 are admitted.

69. The allegations of paragraph 69 are denied. Straney reported to the Jesup Police Department clerk, who reported to a captain, who in turn reported to Chief Lane.

70. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 70, and those allegations are consequently denied as a matter of law.

71. Defendant City admits that Ms. Straney's husband was in the military. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 71, and those allegations are consequently denied as a matter of law.

72.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 72, and those allegations are consequently denied as a matter of law.

73.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 73, and those allegations are consequently denied as a matter of law.

74.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 74, and those allegations are consequently denied as a matter of law.

75.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 75, and those allegations are consequently denied as a matter of law.

76.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 76, and those allegations are consequently denied as a matter of law.

77.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 77, and those allegations are consequently denied as a matter of law.

78.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 78, and those allegations are consequently denied as a matter of law.

79.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 79, and those allegations are consequently denied as a matter of law.

80.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 80, and those allegations are consequently denied as a matter of law.

81.     Defendant City denies that Straney stopped wearing dresses to work. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 81, and those allegations are consequently denied as a matter of law.

82.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 82, and those allegations are consequently denied as a matter of law.

83.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 83, and those allegations are consequently denied as a matter of law.

84.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 84, and those allegations are consequently denied as a matter of law.

85. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 85, and those allegations are consequently denied as a matter of law.

86. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 86, and those allegations are consequently denied as a matter of law.

87. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 87, and those allegations are consequently denied as a matter of law.

88. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 88, and those allegations are consequently denied as a matter of law.

89. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 89, and those allegations are consequently denied as a matter of law.

90. The allegations of paragraph 90 are admitted.

91. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 91, and those allegations are consequently denied as a matter of law.

92. Following the completion of an internal affairs investigation into allegations that were brought to the City's attention no earlier than November 2020, the City has

learned that Chief Lane sent an email to the police department claiming that Ms. Straney was trying to figure out who was the father of her child. However, the City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Straney's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

93. With respect to paragraph 93, Defendant City shows that the email in question speaks for itself as to its contents. The City was not aware of the existence or the contents of the email, and had no reason to be aware of this information, at any time during Plaintiff Straney's employment with the City. Any remaining allegations in this paragraph are denied.

94. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 94, and those allegations are consequently denied as a matter of law.

95. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 95, and those allegations are consequently denied as a matter of law.

96. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 96, and those allegations are consequently denied as a matter of law.

97.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 97, and those allegations are consequently denied as a matter of law.

98.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 98, and those allegations are consequently denied as a matter of law.

99.     Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 99, and those allegations are consequently denied as a matter of law.

100.    Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 100, and those allegations are consequently denied as a matter of law.

101.    Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 101, and those allegations are consequently denied as a matter of law.

102.    Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 102, and those allegations are consequently denied as a matter of law.

103.    Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 103, and those allegations are consequently denied as a matter of law.

104. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 104, and those allegations are consequently denied as a matter of law.

105. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 105, and those allegations are consequently denied as a matter of law.

106. Defendant City admits that City employees of both sexes are generally permitted to have second jobs if certain requirements are met. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 106, and those allegations are consequently denied as a matter of law.

107. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 107, and those allegations are consequently denied as a matter of law.

108. The allegations of paragraph 108 are admitted.

109. Defendant City admits only that Straney resigned. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 109, and those allegations are consequently denied as a matter of law.

### *Defendant Jesup's Knowledge Regarding*
### *Defendant Lane's History of Sexual Harassment*

110. Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that

Brantley may have reported certain conversations she had with Defendant Lane to officers Boyles, Brown, and Parker. The City has also learned that on each occasion, Brantley told the officer to whom she was making the report that she did not want the information passed up the chain of command and did not otherwise want her report to be acted on. The City was not aware of this information, and had no reason to be aware of this information, at any time during Plaintiff Brantley's employment with the City. Defendant City is without sufficient information to admit or deny the remaining allegations of this paragraph, which are consequently denied as a matter of law.

111. In response to paragraph 111, Defendant City states that because it was not aware of any reports of sexual harassment at any time during Brantley's employment with the City, it was not in a position to take action to remedy any alleged harassment. Any remaining allegations in this paragraph are denied.

112. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 112, and those allegations are consequently denied as a matter of law.

113. Upon information and belief, the allegations of paragraph 113 are denied.

114. Defendant City admits that Brantley filed a complaint with the Wayne County Sheriff's Office after her employment with the City had concluded. The remaining allegations of this paragraph are denied.

115. The allegations of paragraph 115 are denied, as worded. The investigation performed was a Jesup Police Department internal affairs investigation handled by Liberty County at the request of the Jesup Police Department, not a Liberty County investigation. No Standard Operating Procedure or other document required that either of the described actions be taken. Any remaining allegations in this paragraph are denied.

116. Defendant City denies the allegation that its Standard Operating Procedure requires the action described in paragraph 116. Defendant City is without sufficient knowledge to admit or deny the remaining allegations of paragraph 116, and those allegations are consequently denied as a matter of law.

117. Defendant City is without sufficient knowledge to admit or deny the allegations of paragraph 117, and those allegations are consequently denied as a matter of law.

118. The allegations of paragraph 118 are denied.

119. The allegations of paragraph 119 are denied.

120. With respect to paragraph 120, Defendant City shows that the document in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

121. The allegations of paragraph 121 are denied, as worded. Responding further, Defendant City shows that on February 8, 2021, the City began the process necessary to terminate the employment of Mike Lane as the City's Chief of

Police. The City concluded said process on February 12, 2021, and on March 17, 2021, the Grievance Committee upheld Lane's termination following an evidentiary hearing.

## Investigation Regarding Sexual Harassment

122. The allegations of paragraph 122 are denied, as worded. The investigation performed was a Jesup Police Department internal affairs investigation handled by Liberty County at the request of the Jesup Police Department, not a Liberty County investigation. Any remaining allegations in this paragraph are denied.

123. The allegations of paragraph 123 are admitted.

124. With respect to paragraph 124, Defendant City shows that the document in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

125. With respect to paragraph 125, Defendant City shows that the document in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

126. With respect to paragraph 126, Defendant City shows that the document in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF THE
## EQUAL PROTECTION CLAUSE OF THE CONSTITUTION
### (Asserted via 42 U.S.C. §1983)
### *Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

127. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

128. With respect to paragraph 128, Defendant City shows that the clause in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

129. With respect to paragraph 129, Defendant City shows that the clause in question speaks for itself as to its contents. Any remaining allegations in this paragraph are denied.

130. The allegations of paragraph 130 are denied.

131. The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are denied.

134. The allegations of paragraph 134 are denied.

135. On information and belief, the allegations of paragraph 135 are denied.

136. On information and belief, the allegations of paragraph 136 are denied.

137. The allegations of paragraph 137 are denied.

138. The allegations of paragraph 138 are denied.

139. The allegations of paragraph 139 are denied.

140.     The allegations of paragraph 140 are denied.

141.     The allegations of paragraph 141 are denied.

142.     The allegations of paragraph 142 are denied.

## COUNT II
## ASSAULT
### *Plaintiffs Brantley, Straney, and Kinard Against Defendant Lane Only*

143.     Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

144.     On information and belief, the allegations of paragraph 144 are denied.

145.     On information and belief, the allegations of paragraph 145 are denied.

## COUNT III
## BATTERY
### *Plaintiffs Brantley, Straney, and Kinard Against Defendant Lane Only*

146.     Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

147.     On information and belief, the allegations of paragraph 147 are denied.

148.     On information and belief, the allegations of paragraph 148 are denied.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

149.     Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

150.     The allegations of paragraph 150 are denied.

151.     The allegations of paragraph 151 are denied.

152. The allegations of paragraph 152 are denied.

153. The allegations of paragraph 153 are denied.

## COUNT V
## INVASION OF PRIVACY
*Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

154. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

155. Paragraph 155 contains a conclusion of law, to which no response is required at this time. To the extent paragraph 155 contains any allegation of fact requiring a response, that allegation is denied.

156. The allegations of paragraph 156 are denied.

157. The allegations of paragraph 157 are denied.

158. The allegations of paragraph 158 are denied.

159. The allegations of paragraph 159 are denied.

## COUNT VI
## NEGLIGENT RETENTION AND/OR NEGLIGENT SUPERVISION
*Plaintiffs Brantley, Straney, and Kinard Against Defendant Jesup Only*

160. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

161. On information and belief, the allegations of paragraph 161 are denied.

162. The allegations of paragraph 162 are denied.

163. On information and belief, the allegations of paragraph 163 are denied.

164. The allegations of paragraph 164 are denied.

165.   The allegations of paragraph 165 are denied.

166.   The allegations of paragraph 166 are denied, and Defendant City specifically denies that it had knowledge of any such work environment at any time during the employment of any of the Plaintiffs.

167.   The allegations of paragraph 167 are denied.

168.   The allegations of paragraph 168 are denied.

169.   The allegations of paragraph 169 are denied.

## COUNT VII
### BREACH OF LEGAL DUTY UNDER O.C.G.A. §51-1-6
*Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

170.   Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

171.   The allegations of paragraph 171 are denied.

172.   The allegations of paragraph 172 are denied.

173.   The allegations of paragraph 173 are denied.

## COUNT VIII
### PUNITIVE DAMAGES UNDER O.C.G.A. §51-12-5.1
*Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

174.   Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

175.   The allegations of paragraph 175 are denied.

176.   The allegations of paragraph 176 are denied.

## COUNT IX
## ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. §13-6-11
### *Plaintiffs Brantley, Straney, and Kinard Against All Defendants*

177. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

178. The allegations of paragraph 178 are denied.

179. The allegations of paragraph 179 are denied.

## COUNT X
## DISPARATE TREATMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII
### *Plaintiffs Brantley and Straney Against Defendant Jesup Only*

180. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

181. The allegations of paragraph 181 are denied.

182. The allegations of paragraph 182 are denied.

183. The allegations of paragraph 183 are denied.

184. The allegations of paragraph 184 are denied.

185. The allegations of paragraph 185 are denied.

186. The allegations of paragraph 186 are denied.

187. The allegations of paragraph 187 are denied.

188. The allegations of paragraph 188 are denied.

189. The allegations of paragraph 189 are denied.

**COUNT XI**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII**
*Plaintiffs Brantley and Straney Against Defendant Jesup Only*

190.   Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

191.   The allegations of paragraph 191 are denied.

192.   The allegations of paragraph 192 are denied.

193.   Following the completion of an internal affairs investigation into Plaintiff Brantley's allegations, which were brought to the City's attention only after Brantley's employment with the City had concluded, the City has learned that Brantley may have reported certain conversations she had with Defendant Lane to officers Boyles, Brown, and Parker. The remaining allegations of paragraph 193 are denied.

194.   The allegations of paragraph 194 are denied.

195.   The allegations of paragraph 195 are denied.

196.   The allegations of paragraph 196 are denied.

197.   Defendant City admits that Brantley filed a complaint with the Wayne County Sheriff's Office after her employment with the City had concluded. The remaining allegations of this paragraph are denied.

198.   The allegations of paragraph 198 are denied.

199.   The allegations of paragraph 199 are denied.

200.   The allegations of paragraph 200 are denied.

201. The allegations of paragraph 201 are denied.

## COUNT XII
## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII
### *Plaintiff Straney Against Defendant Jesup*

202. Defendant City's responses to paragraphs 1 through 126 are incorporated herein by reference.

203. Defendant City admits that Straney informed members of the police department about her pregnancy in the summer of 2019. The remaining allegations of this paragraph are denied.

204. The allegations of paragraph 204 are denied.

205. The allegations of paragraph 205 are denied.

206. The allegations of paragraph 206 are denied.

207. The allegations of paragraph 207 are denied.

208. The allegations of paragraph 208 are denied.

209. The allegations of paragraph 209 are denied.

210. The allegations of paragraph 210 are denied.

211. Any allegations in Plaintiffs' First Amended Complaint which have not previously been admitted, denied, or otherwise responded to herein are hereby denied.

**WHEREFORE**, Defendant City prays as follows:

(a)     That its Answer and Defenses be inquired into and sustained;

(b)     That Plaintiffs' First Amended Complaint be dismissed, and that all relief requested therein be denied;

(c)     For any and all other relief the Court deems just or proper.

This twenty-seventh day of April, 2021.

/s/Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

*Attorneys for Defendant City of Jesup*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance

with the directives from the Court Notice of Electronic Filing ("NEF"), which was

generated as a result of electronic filing.

Submitted this twenty-seventh day of April, 2021.

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
ehancock@brbcsw.com